1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SEDGWICK LLP**
JAMES J.S. HOLMES (State Bar No.126779)
james.holmes@sedgwicklaw.com
JASON M. JOYAL (State Bar No.251168)
jason.joyal@sedgwicklaw.com
801 South Figueroa Street, 19th Floor
Los Angeles, CA  90017-5556
Telephone:   213.426.6900
Facsimile:    213.426.6921

Attorneys for Defendants and Counterclaimants
THE TAPE FACTORY, INC., doing business as
American Decal Company, and  PAUL G.
RICCOBON

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| INBLOOM STICKERS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE TAPE FACTORY, INC., a California Corporation doing business as American Decal Company; PAUL G. RICCOBON, an individual; TGT, INC., a Wyoming Corporation dong business as TGT Stickers; and TIMOTHY G. TASKER, an individual,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No. SA CV 13-00484 DOC JPRx<br><br>[*Assigned for all purposes to Hon. David O. Carter*]<br><br>**ORDER ON STIPULATION FOR ENTRY OF PROTECTIVE ORDER** |

### ORDER

The Court, having read and considered the Stipulation for Entry of a Protective Order filed by the parties, and good cause appearing therefore,

**IT IS HEREBY ORDERED THAT**:

1.       A party to this action who produces or provides documents, things,

1

testimony, or other information, which he, she, or it reasonably believes in good faith to comprise or contain confidential information, and which he, she, or it desires to be subject to this Protective Order, shall designate such information or materials as "CONFIDENTIAL" or, if such information or materials are of a highly confidential or proprietary nature, such as financial information, customers, sales, trade secrets,  confidential research and development, material required to be kept confidential by state or federal law, or other confidential business information, as "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

2.     The designation of documents, things, testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be made as follows:

(a)     Documents and things comprising or containing Confidential Information shall be designated by prominently stamping or marking the documents or things with the term "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."  If a confidential document consists of multiple pages, each page of the document containing confidential information shall be so stamped or marked.

(b)     A deposition transcript comprising or containing Confidential Information shall be designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" by requesting such treatment thereof either on the record at the time of the deposition or by written notice after service of the deposition transcript.  If confidential treatment of a deposition transcript is requested on the record at the time of the deposition, the requesting party shall instruct the court reporter to stamp or mark each page of the transcript containing the Confidential Information with the terms "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."  The requesting party may also instruct the court reporter to separately bind such designated pages of the transcript.  If confidential treatment of a transcript is requested by a party by

written notice after completion of a deposition, such written notice shall be mailed to all other parties within twenty (20) days after completion and service of the transcript. Such written notice shall specifically identify by page and line number all portions of the transcript that should be treated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" in accordance with this Protective Order. Documents or things used as exhibits at a deposition that a party desires to be subject to this Protective Order shall be separately stamped or marked "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" as specified in paragraph 2(a).

(c)    Any party may designate documents or things produced by a third party pursuant to a subpoena as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" by providing written notice to each other party within ten (10) days of receipt of the documents or things produced by the third party. Such written notice shall specifically identify each document or thing produced by the third party that should be treated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" in accordance with this Protective Order.

(d)    Notwithstanding any other provision of this Order, if any party believes that any document or other information not designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" should be so designated (except documents or information belonging to another party), that party shall notify the other parties within 30 days following production of the documents or other information and request that the information be designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY." A party requesting that documents be treated as "CONFIDENTIAL" in accordance with this paragraph shall also provide each other party with copies of such documents that have been stamped or marked "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" in the manner indicated

above.   Documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" in accordance with this paragraph shall be treated in accordance with such designation from the date of receipt of the request that they be so treated and receipt of copies of the documents that have been appropriately stamped or marked "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

3.     By designating a document, thing, testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" in accordance with this Protective Order, the party making such designation certifies that there is a good faith basis in both fact and law for the designation.  Nothing herein shall preclude any party from designating documents, things, testimony, or other information provided by third parties as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY, provided that there is a good faith basis in both fact and law for the designation, and the designating party provides reasonable notice to the non-designating party of such contemplated designation.

4.     In the absence of designating a document, thing, testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" in accordance with this Protective Order, such documents, things, testimony, or other information shall be deemed to be non-confidential and not restricted by this Protective Order.

5.     Information and materials designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be held by counsel in confidence and shall be used solely in connection with the prosecution, defense, or settlement of this action.   Information and materials designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall not be disclosed to any person except as hereinafter provided.

6.    Information and materials designated "CONFIDENTIAL" pursuant to this Protective Order (including any copies, summaries, excerpts, and abstracts derived therefrom) may be disclosed, directly or indirectly, only to the following qualified persons:

(a)    The Court before which this action is pending and the clerks and other personnel of the Court;

(b)    Counsel of any party hereto, including in-house counsel, and all partners, associates or of-counsel attorneys of counsel's law firm;

(c)    The office personnel employed by the attorneys of record working under direct supervision of such partners, associates or of-counsel attorneys;

(d)    Any party, and any party's officers, managers, directors, partners, private counsel or insurance carriers;

(e)    Independent experts or other persons retained by counsel to assist in the prosecution, defense, or settlement of this action, provided that said experts and consultants expressly agree to be bound by the terms of this Protective Order;

(f)    Third-party witnesses to the extent they have had access to the Confidential Information prior to the entry of this Protective Order;

(g)    Court reporters at depositions or other proceedings in this matter and persons providing litigation support services for counsel of record including photocopying, videotaping, transcribing, translating, and preparing exhibits;

(h)    Any mediator or arbitrator mutually selected by the parties or appointed by the Court for the purpose of assisting in the settlement of this action;

(i)    Outside copy and litigation support vendors; and

(j)    Such other persons as the parties may agree to in writing, or who may be designated by the Court.

7.     Information and materials designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY" pursuant to this Protective Order (including any copies, excerpts, and abstracts derived therefrom) may be disclosed, directly or indirectly, only to the following persons:

(a)     The Court before which this action is pending and the clerks and other personnel of the Court;

(b)     The attorneys of record for the parties in this matter;

(c)     The office personnel employed by the attorneys of record working under direct supervision of such partners, associates or of-counsel attorneys;

(d)     Independent experts or other persons retained by counsel to assist in the prosecution, defense, or settlement of this action, provided that said experts and consultants expressly agree to be bound by the terms of this Protective Order;

(e)     Third-party witnesses to the extent they have had access to the Confidential Information prior to the entry of this Protective Order;

(f)     Any court reporter at a deposition or other proceeding in this matter;

(g)     Any mediator mutually selected by the parties or appointed by the Court for the purpose of assisting in the settlement or other resolution of this action;

(h)     Outside copy and litigation support vendors; and

(i)     Such other persons as the parties may agree to in writing, or who may be designated by the Court

8.     Prior to receiving any documents, things, testimony, or other information designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" each "qualified person" specified above in paragraphs 6(e)-(f) and 7(d)-(e) shall be provided with a copy of this Protective

Order and shall execute a Nondisclosure Agreement in the form of Attachment "A." Counsel who disclose designated Confidential Information to such a "qualified person" shall maintain the executed copy of the Nondisclosure Agreement in his or her file and make it available at or in connection with any Court proceeding where it may be called for.

9.   This Protective Order shall not expand or restrict the rights of any party to either demand the production of any documents, things, or information, or to object to any demand for documents, things, or information, or to withhold any documents, things, or information. Nor shall this Protective Order expand or restrict the rights of any party to seek to have the Court compel the production of any documents, things, or information. In the event of a dispute regarding the designation or disclosure of "CONFIDENTIAL" or "CONFIDENTIAL— ATTORNEYS' EYES ONLY" information, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37.

10.   This Protective Order shall not restrict the rights of any party to use or disseminate any documents, things, or information obtained independently of discovery in this action, whether or not such documents, things, or information are also obtained through discovery. Nothing in this Protective Order shall restrict a party from using, disclosing, or disseminating its own documents, things, or information as it deems appropriate, whether or not such documents, things, or information have been designated "CONFIDENTIAL" or "CONFIDENTIAL– ATTORNEYS' EYES ONLY" in accordance with this Protective Order.

11.   If any documents, things, or information designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" are included with any papers filed with the Court, the proposed filing shall be accompanied by an application to file the papers, or the portion thereof containing the protected information, under seal; the application must show good cause for the under seal filing. This application shall be directed to the judge to whom the

papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal according to the procedures required by California Central District Local Rule 79-5 *et seq.* or other similar Court rules that may be controlling at the time of the filing of such papers or materials.

12.     In the event that any documents, things, or information designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" are used in any Court proceeding in this action, the parties shall take all reasonable steps to maintain their confidentiality, provided that any protective measures relating to confidential information used in Court proceedings in this matter shall be presented, at an appropriate time, to the judicial officer conducting the proceeding.

13.     Maintenance of the protected status of any "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" documents, things, or information shall in all cases be subject to further order of the Court.  Nothing herein shall preclude any party upon proper notice to all other parties from applying to the Court for any modification of this Protective Order, or moving the Court for an order changing the status of any particular designated information or document, or relieving a party from the restrictions contained in this Protective Order, or from applying to the Court for further or additional protective orders. Any motion filed with respect to this Protective Order or documents, things, or information labeled "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" must comply with the Local Rules.  Specifically, in the event of a dispute regarding the designation or disclosure of "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37. Matters designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES

ONLY" shall remain so designated under the terms of this Protective Order until and unless determined otherwise by the Court.

14.    In the event a motion or Joint Stipulation under Local Rule 37 regarding the designation or disclosure of "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information becomes necessary, the parties may file a stipulation to file such motion or Joint Stipulation under seal, or the moving party may file an *ex parte* application making the appropriate request.  The parties, however, must set forth good cause in any such stipulation or *ex parte* application as to why the motion or Joint Stipulation or portions thereof should be filed under seal.  In any motion or Joint Stipulation concerning the designation of "CONFIDENTIAL" or "CONFIDENTIAL— ATTORNEYS' EYES ONLY" information, the designating party shall have the burden to show that the designation is appropriate.

15.    No party shall be obligated to challenge the propriety of the designation of any documents, things, or information as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY," and the failure to do so shall not constitute acquiescence as to the appropriateness of the designation or otherwise preclude a subsequent challenge to the designation.

16.    The inadvertent production of any confidential document lacking the physical designation "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall be without prejudice to any subsequent claim that such material is confidential, and no party shall be held to have waived any rights by such inadvertent production.  Upon written demand of the producing party or non-party, all copies of any confidential document lacking the physical designation "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall be returned immediately to the producing party.  The producing party will supply to each of the other parties a copy of the document properly designated "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY"

concurrently with the written demand for return.  Any disclosure made before such notification shall not be deemed to be in violation of this Protective Order.

17.   The inadvertent production of any privileged document or any document protected from disclosure by the attorney-client privilege or work product doctrine shall be without prejudice to any subsequent claim that such document is privileged or protected from disclosure by the work product doctrine. The failure to designate any document in accordance with the terms of this Protective Order shall not, by itself, be deemed an automatic waiver of the privilege or the work product doctrine.

18.   At the final conclusion of this action, including any appeal or time for appeal, any party may serve a written notice on the other parties demanding that the "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" documents and things that were produced by that party and that are still in existence, including all copies, summaries, excerpts, and abstracts thereof, be returned or destroyed.  Within thirty (30) days of receipt of such a demand, counsel shall certify in writing that such documents and things have been returned or destroyed.  Notwithstanding the foregoing, counsel may retain archival copies of documents attaching Confidential Information, including trial, hearing, and deposition transcripts and exhibits, and pleadings and other documents submitted to the Court.  Counsel may also retain documents or things that are their own work product or that are subject to the attorney-client privilege.

19.   The parties to this agreement may change its terms or effects at any time by further mutual agreements in writing as approved by the Court.  The parties acknowledge that once this action proceeds to trial, all of the information, documents and materials designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY", which are kept and maintained pursuant to the terms of this Protective Order, may become public and may be presumptively

available to all members of the public, including the press, unless good cause is shown to the District Judge in advance of the trial to proceed otherwise.

20.    This Protective Order is entered solely for the purpose of facilitating the exchange of documents, things, and information between the parties in this action.   Nothing in this Protective Order nor the production of any documents, things, or information under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver of any kind by any party, including but not limited to the right of any party to oppose or object to production of any information, documents, or things. Nothing herein shall limit the right of any party to pursue any remedy(ies) available to that party for any proven violation of the terms of this Protective Order.

21.    The parties and their attorneys and any other persons subject to the terms of this Protective Order agree that the Court shall have jurisdiction over them for the purpose of enforcing this Protective Order.

**IT IS SO ORDERED.**

Date:  December 26, 2013

_____
HON. JEAN P. ROSENBLUTH
U.S. MAGISTRATE JUDGE

Attachment A
## NONDISCLOSURE AGREEMENT


I, _____, state that:

1.    My address is

_____.

2.    My current employer is

_____.

3.    My present occupation or job title is

_____.

4.    I have received a copy of the Protective Order entered in the case of *Inbloom Stickers, Inc. v. The Tape Factory, Inc., et al.*, United States District Court for the Central District of California Case No. SA CV 13-00484 DOC (JPRx).

5.    I have read and understand the Protective Order.  I hereby agree to comply with all of the terms of the Protective Order, including holding in confidence and not disclosing to any unqualified person all documents, things, or information designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

6.    I hereby consent to the jurisdiction of the United States District Court for the Central District of California for the purposes of enforcing the Protective Order and this agreement to be bound thereby.


Dated: _____        _____
                                              SIGNATURE


                                           _____
                                              PRINT NAME